ROBERT M. SILVERMAN, Respondent, *v.* J. HERBERT WARE and SEFTON TRANTER, Appellants Impleaded with EDWARD F. LELAND and Others, Doing Business under the Firm Name and Style of WARE & LELAND, Defendants.

First Department, November 7, 1919.

Deposition — examination of defendant before trial — sufficiency of affidavit — affidavit by managing clerk of attorney.

An affidavit on an application for an order to examine defendants before trial must meet the requirements of the Code of Civil Procedure.

Such affidavit cannot be made by the managing clerk of the attorney for the plaintiff.

APPEAL by the defendants, J. Herbert Ware and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of August, 1919, denying their motion to vacate an order for their examination before trial.

*Leverett J. Luce* of counsel [*Henry C. Quinby*, attorney], for the appellants.

*Samuel I. Ferguson*, for the respondent.

PAGE, J.:

The plaintiff had obtained an order for the examination of these defendants before trial, in which the subject of this examination was not covered.

The affidavit recites the granting of the prior order and says that a copy of the said order is annexed. The affidavit upon which the former order was granted is printed in this record. These papers are not, however, recited in the order

for the examination. There are many insufficiencies in the affidavit upon which this order was granted which the respondent claims are supplied by the affidavit on which the former order was granted. The proper practice is that the affidavit upon which the order was granted should meet the requirements of the Code (§ 872) and of the General Rules of Practice (Rule 82). Another and more serious difficulty is that the affidavit upon which the order was granted in this case was made not by the party or his attorney but by the managing clerk of the attorney. It has been frequently held that the attorney may make the affidavit where the facts are within his knowledge, or where the party cannot make the affidavit and the attorney discloses the basis of his information and belief. Further than this the requirement that the affidavit should be made by the party has not been relaxed.

There are certain things required in the affidavit, as for instance, that the deponent expects to use the deposition upon the trial of the action, and that the testimony is material and necessary, which cannot be supplied by a managing clerk.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.